# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONELL ROSE,<br><br>           Plaintiff,<br><br>     v.<br><br>JEANNE WOODFORD, et al.,<br><br>           Defendants. | CASE NO. 1:05-CV-01470-OWW-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 1) |

Plaintiff Lionell Rose ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 8, 2005. Attached to plaintiff's complaint is a motion for preliminary injunctive relief relating to the personal property of inmates housed in the Security Housing Unit.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

///

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

In this instance, in a separate Findings and Recommendations, the court recommended that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted. As such, plaintiff cannot demonstrate he has a fair chance of success on the merits. In addition, plaintiff makes no showing in his motion that he is under significant threat of irreparable injury. Indeed, as shown by plaintiff's exhibits, the confiscated property at issue in the complaint was destroyed prior to the filing of this suit.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed June 8, 2005, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 30, 2006**           /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE