1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  LIONELL ROSE,                               CASE NO. 1:05-CV-01470-OWW-SMS-P

10              Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DISMISSAL OF ACTION
11      v.                                      FOR FAILURE TO STATE A CLAIM UPON
                                                WHICH RELIEF MAY BE GRANTED
12  JEANNE WOODFORD, et al.,
                                                (Doc. 1)
13              Defendants.
    _____/
14

15  I.      Findings and Recommendations Following Screening of Complaint

16          A.      Screening Requirement

17          Plaintiff Lionell Rose ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18  in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 8, 2005.

19          The court is required to screen complaints brought by prisoners seeking relief against a

20  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

23  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

24  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

25  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

26  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

27          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

28  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1

1   support of the claim or claims that would entitle him to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467

2   U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>Palmer v. Roosevelt</u>

3   <u>Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

4   standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg.</u>

5   <u>Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most

6   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395

7   U.S. 411, 421 (1969).

8         B.   <u>Summary of Plaintiff's Complaint</u>

9        The events at issue in the instant action allegedly occurred at California State Prison-

10   Corcoran (CSP-Corcoran), where plaintiff is presently incarcerated.  Plaintiff names California

11   Department of Corrections Director Jeanne Woodford, Warden A. K. Scribner, and Correctional

12   Officers D. Adkison, Alafa, and Fugioka as defendants.  Plaintiff is seeking money damages and

13   equitable relief.

14        Plaintiff alleges claims for relief for violation of the Due Process and Equal Protection

15   Clauses of the Fourteenth Amendment.  The basis of plaintiff's claims is the confiscation of his

16   property pursuant to an operational procedure applicable to inmates housed in the Security Housing

17   Unit (SHU).

18         C.   <u>Plaintiff's Claims</u>

19            1.   <u>Due Process Claim</u>

20        Following his transfer to a SHU at CSP-Corcoran, plaintiff's personal property was

21   confiscated and later destroyed after plaintiff failed to pay to have it shipped home.  Plaintiff alleges

22   that the confiscation and destruction of his personal property pursuant to Operational Procedure 806,

23   which applies to inmates housed in the SHU, constituted deprivation of property without due process

24   of law, in violation of the Due Process Clause.

25        First, plaintiff's assertion that he is entitled to the procedural protections set forth in <u>Wolff</u>

26   <u>v. McDonnell</u>, 418 U.S. 539 (1974) is without merit.  The <u>Wolff</u> procedures apply to prison

27   disciplinary proceedings where there is a liberty interest at stake, not to the deprivation of a property

28   interest.  Second, the confiscation of plaintiff's property pursuant to a more restrictive property

possession policy which applies to inmates in the SHU does not state a claim for relief under section 1983. Plaintiff has state law remedies available to him with respect to the property deprivation, and as a result, his claim does not constitute a violation of the procedural requirement of the Due Process Clause of the Fourteenth Amendment. <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (due process claim not cognizable where inmate was deprived of property due to reclassification and California provides an adequate post-deprivation remedy) (citing <u>Hudson v. Palmer</u>, 468 U.S. 517, 530-34 (1984)).

### 2. <u>Equal Protection Claim</u>

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. <u>See</u> <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740 (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins. Corp. v. Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." <u>Barren</u>, 152 F.3d at 1194.

Plaintiff has set forth no facts supporting a claim that he was denied equal protection. Plaintiff's conclusory assertions that the property policy was discriminatory and that SHU inmates were treated differently do not support a claim for relief under section 1983 for violation of the Equal Protection Clause. (<u>See</u> <u>e.g.</u>, Comp., p. 6, 27-30.) Plaintiff's allegation that inmates housed in the SHU are similarly situated to inmates in the Psychiatric Management Unit, Protective Housing Unit, and Administrative Segregation Unit yet are treated differently with respect to property possession policies is unavailing. The SHU is the most restrictive housing unit in the state prison system, and is designed to house inmates "whose conduct endangers the safety of others or the security of the institution." Cal. Code Regs. tit 15, § 3341.5 (2006). Inmates found guilty of serious disciplinary

1  violations and/or inmates validated as gang members or affiliates fall into this category.  Id.  The

2  court is unpersuaded that plaintiff, as a SHU inmate, is similarly situated to inmates in other special

3  housing units.[1]

4          3.    Claim Against Defendants Woodford and Sherman

5        Under section 1983, liability may not be imposed on supervisory personnel for the actions

6  of their employees under a theory of respondeat superior.  When the named defendant holds a

7  supervisorial position, the causal link between the defendant and the claimed constitutional violation

8  must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

9  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for

10  relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the

11  defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

12  the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

13  that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

14  constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

15  omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards

16  are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v.

17  Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

18        Because plaintiff's complaint does not state cognizable due process or equal protection

19  claims, there is no basis upon which to impose liability either defendant Woodford or defendant

20  Scribner under a theory of supervisory liability.  In addition, plaintiff's complaint does not contain

21  any facts any facts linking either defendant to an act or omission that rose to a level of a

22  constitutional violation.  Accordingly, plaintiff fails to state a claim upon which relief may be

23  granted under section 1983 against either defendant.

24  ///

25

26       [1] Like the SHU, the PMU and PHU are designated for extended term programming.  Cal. Code Regs. tit 15,

27  § 3341.5 (2006).  However, unlike SHU inmates, PHU inmates are segregated for their own protection, are not gang affiliates or members, and do not pose a threat to the safety or security of other inmates in the unit.  Id.  Inmates in

28  PMU have diagnosed psychiatric disorders and do not pose an undue risk to the safety of themselves or others in the unit.  Id.

1

      D.    <u>Conclusion</u>

2      The court finds that plaintiff's complaint does not contain any claims upon which relief may

3  be granted under section 1983.  Based on the deficiencies of plaintiff's claims, the court finds that

4  justice does not require that leave to amend be granted.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th

5  Cir. 2000).  The court therefore HEREBY RECOMMENDS that this action be dismissed, with

6  prejudice, for failure to state a claim upon which relief may be granted.

7      These Findings and Recommendations will be submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

9  **days** after being served with these Findings and Recommendations, plaintiff may file written

10  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

11  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

12  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

13  1153 (9th Cir. 1991).

14

15  IT IS SO ORDERED.

16  **Dated:**   **March 30, 2006**                **/s/ Sandra M. Snyder**
     icido3                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28