# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONELL ROSE, | CASE NO. 1:05-CV-01470 OWW SMS P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND FILE AN AMENDED COMPLAINT |
| v. | |
| JEANNE WOODFORD, et al., | (Doc. 22) |
| Defendants. | |

Plaintiff Lionell Rose ("Plaintiff") is a state prisoner who was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 8, 2006, this action was dismissed, with prejudice, for failure to state a claim upon which relief may be granted. On September 5, 2006, Plaintiff filed a motion to set aside judgment and file an amended complaint.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

1  F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th
2  Cir. 1987).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as
3  being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791
4  F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).
5  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

6  In his complaint, Plaintiff alleged his rights under the Due Process and Equal Protection
7  Clauses of the Fourteenth Amendment were violated by the confiscation of his property pursuant to
8  an operational procedure applicable to inmates housed in the Security Housing Unit. (Doc. 14, F&R,
9  2:14-17.) The Magistrate Judge found that Plaintiff's claims were not cognizable under section 1983
10 and recommending dismissal of the action, with prejudice.  Plaintiff filed an objection to the findings
11 and recommendations, and the Court subsequently adopted the findings and recommendations in full
12 and dismissed the action with prejudice.

13 In his motion, Plaintiff states that his complaint was a class action, that he named Ricky
14 Crenshaw as a Plaintiff, and that he numbered his sentences rather than his paragraphs and failed to
15 state a claim. (Doc. 22, pgs. 1-2.) Plaintiff wishes to amend the class action, amend the name of
16 Ricky Crenshaw, provide a more definite statement to clarify facts, change sentences into
17 paragraphs, and change certain defendants. (Id.) The issues identified by Plaintiff and the changes
18 proposed by Plaintiff provide no basis for setting aside the order dismissing this action.  The Court
19 reviewed Plaintiff's allegations in full when it screened his complaint.  Plaintiff's unsuccessful
20 attempt to file a class action and the naming of another inmate in the caption were irrelevant to the
21 findings made by the Court.[1] Likewise, Plaintiff's formatting choices had no bearing on the Court's
22 decision.

23 ///

---

[1] Plaintiff is a non-lawyer proceeding without counsel.  A layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, Plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, was not, and will not, be construed as a class action. Further, the naming of Crenshaw as a plaintiff had no effect given Crenshaw did not sign the complaint.

In his declaration, Plaintiff asserts that he filed a motion seeking leave to amend on February 9, 2006, which was denied by the Magistrate Judge, and the Magistrate Judge failed to mention it in the Findings and Recommendations. (Doc 22, Exhibit B.) Plaintiff also appears to question the Magistrate Judge's authority to rule on his motion to amend, and contends that he could have overcome any deficiency if given a chance to do so. (Id.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). On February 10, 2006, Plaintiff filed a motion seeking leave to amend, and on February 23, 2006, the Magistrate Judge issued an order denying Plaintiff's motion as unnecessary and informing Plaintiff that he could file an amended complaint without leave of court.

Plaintiff's motion seeking leave to amend was not a dispositive motion and was properly resolved by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72-302(c)(17).[2] The order was clear and placed Plaintiff on notice that he could amend his complaint without the Court's permission, and at no time between the issuance of the Magistrate's order and the dismissal of this action approximately five months later did plaintiff file an amended complaint as a matter of right. On March 31, 2006, pursuant to the mandatory duty imposed on courts to screen complaints in action such as this, 28 U.S.C. § 1915A, the Magistrate Judge screened Plaintiff's complaint and recommended dismissal. It was neither error nor unusual for the Magistrate not to chronicle Plaintiff's motion to amend in the findings and recommendations, as the motion had been resolved and Plaintiff had been informed that he did not need to seek leave of court to amend. The Magistrate Judge issued a findings and recommendations rather than an order dismissing Plaintiff's complaint with leave to amend because she did not find that justice so required in light of the deficiencies in Plaintiff's claims.

---

[2] The second parenthesis in the Local Rule is misplaced due to typographical error. The Rule should read: "Cases brought by a person in custody who is seeking habeas corpus relief (28 U.S.C. § 2241 et seq.) or any relief authorized by 42 U.S.C. § 1981 et seq., including dispositive or non-dispositive motions and matters."

1  The Court has reviewed Plaintiff's motion and finds that Plaintiff has not met his burden as
2  the party moving to set aside the Order dismissing this action.  Neither Plaintiff's motion nor his
3  accompanying declaration sets forth grounds demonstrating that Plaintiff is entitled to relief from
4  the order.  Accordingly, Plaintiff's motion is HEREBY DENIED.

6  IT IS SO ORDERED.

7  **Dated:   September 12, 2006**            **/s/ Oliver W. Wanger**
   emm0d6                                     UNITED STATES DISTRICT JUDGE